IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 4, 2000

## CHARLES MONTAGUE v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

Appeal from the Chancery Court for Davidson County
No. 96-3872-III      Ellen Hobbs Lyle, Chancellor

———————————

No. M1999-00513-COA-R3-CV - Filed January 22, 2001

———————————

This Court determined a previous appeal by Charles Montague to be frivolous and remanded the case to the trial court to set attorney's fees. The state submitted evidence of attorney's fees incurred, both in the trial court and in this Court. Montague appeals and we modify the judgment of the trial court so as to only allow attorney's fees on the initial appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed as Modified and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Charles Montague, Nashville, Tennessee, Pro Se.

John Knox Walkup, Attorney General and Reporter; Michael E. Moore, Solicitor General, and Sohnia W. Hong, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Department of Correction and Warden Howard Carlton.

### OPINION

Charles Montague, an inmate in the Department of Corrections, filed suit seeking declaratory judgment that he was entitled to a refund of $64.00 charged against his custodial account for a key that he had lost. The trial court dismissed the action for failure to state a claim for which relief could be granted. This Court affirmed the trial court action by judgment of May 29, 1998. A majority of this Court determined that the appeal was frivolous and remanded the case to the trial court "for ascertainment of fees for frivolous appeal and the entry and enforcement of judgment in conformity with this opinion."

On remand, the state submitted evidence reflecting 18.4 hours of work in the case at an hourly rate of $110.00 totalling $2,024.00. Appellant filed an affidavit in opposition to the attorney's fees and the trial court awarded $2,024.00 as attorney's fees.

On January 15, 1999, Montague filed his second notice of appeal and the case is before this Court for review.

The record indicates that Appellant filed his suit for declaratory judgment on December 10, 1996, and was cast by judgment of the trial court on November 5, 1997. He filed his initial notice of appeal to this Court on November 12, 1997.

The judgment of this Court of May 29, 1998, wherein the appeal by Montague was determined to be frivolous, is the law of the case and binding on all parties and on the trial court on remand. *Memphis Publishing Co. v. Tennessee Petroleum Underground Storage Tank Board, et al.*, 975 S.W.2d 303, 306 (Tenn. 1998).

Thus, the finding that the previous appeal was frivolous is not subject to further attack after remand. The difficulty arises when the state, on remand, introduces evidence of work done by state's counsel in the trial court, prior to the previous appeal, which was perfected on November 12, 1997. Of the total of 18.4 hours offered as proof by the state after the remand, 6.7 hours was for work done in the trial court between February 25, 1997, and November 10, 1997, all of which work was done prior to the November 12, 1997, notice of appeal. Likewise, the proof shows that work in the Court of Appeals on the previous appeal ended on July 2, 1998, with a review of this Court's order denying the Appellant's second petition for rehearing. The 2.9 hours expended by counsel for the state between October 25, 1998, and November 27, 1998, involved work done on remand and not work done in the Court of Appeals on the previous appeal. Of the 18.4 hours forming the basis of the award of attorney's fees on remand, only 8.8 hours thereof were actually attributable to the previous appeal.

We modify the judgment for attorney's fees on the previous appeal and reduce same from $2,024.00 to $968.00.

Tennessee Code Annotated Section 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The order of remand of May 29, 1998, conformed to the provisions of the statute in providing:

The judgment of the trial court is modified to render judgment against plaintiff for all costs accrued in that Court. As modified, said judgment is affirmed. Costs of this appeal are taxed against the plaintiff. The cause is remanded to the Trial Court for ascertainment of fees for frivolous appeal and the entry and enforcement of judgment in conformity with this opinion.

Following remand, the trial court entered its judgment of January 7, 1999, approving attorney's fees in the amount of $2,024.00 and assessing same against Montague. We modify this final order of the trial court by reducing the attorney's fees awarded to the sum of $968.00. The judgment in all other respects is affirmed and costs of the present appeal are assessed against the Tennessee Department of Corrections. The case is remanded for collection of fees and costs.

_____
WILLIAM B. CAIN, JUDGE